```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN LEE BENLOSS,

                        Plaintiff,
                                                    ORDER
        -against-                                   13-CV-0664 (SJF)(ARL)

C.O. MR. SCHMUTT,

                        Defendant.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUN 19 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On February 19, 2013, *pro se* plaintiff Kevin Lee Benloss ("plaintiff") filed a complaint against defendant Nassau County Corrections Officer Henry Schmitt (s/h/a C.O. Mr. Schmutt) ("defendant"). [Docket Entry. No. 1]. At the time this action was commenced, plaintiff was incarcerated at Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554 ("NCCF"). On March 8, 2013, the Pro Se Office for the United States District Court, Eastern District of New York, located at 100 Federal Plaza, Central Islip, New York 11722, sent a letter to plaintiff at NCCF acknowledging receipt of plaintiff's complaint and informing plaintiff, *inter alia*, of his duty to prosecute his case and to keep the pro se office informed of any change of address, and warning plaintiff that "[f]ailure to do so may result in your case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." [Docket Entry No. 7].

On March 29, 2013, plaintiff notified the Court that his new address was Downstate Correctional Facility, Box F, Red Schoolhouse Road, Fishkill, New York 12524, and that he would be incarcerated until July 24, 2013. [Docket Entry Nos. 10-11]. On April 24, 2013, plaintiff again updated the Court with his new address: Bare Hill Correctional Facility, Caller Box 20, 181 Brand Road, Malone, New York 12953. [Docket Entry No. 13].

On July 24, 2013, this Court scheduled a pretrial conference for May 6, 2014 and directed defendant's counsel to serve plaintiff with the notice of hearing. [Docket Entry No. 20]. On July

25, 2013, following his release from the Bare Hill Correctional Facility, plaintiff notified the Court that his new address was 20 Maple Place, Amityville, New York 11701. [Docket Entry No. 21].

Plaintiff failed to appear at the pretrial conference on May 6, 2014. [Docket Entry No. 28]. On May 8, 2014, this Court ordered plaintiff to show cause, by filing an affidavit by June 12, 2014, why this action should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and ordered defendant's counsel to serve plaintiff with a copy of the Court's Order to Show Cause. [Docket Entry No. 29]. On May 9, 2014, defense counsel served a copy of the Order to Show Cause upon plaintiff by certified mail, return receipt requested, at his last known address – 20 Maple Place, Amityville, New York 11701. [Docket Entry No. 30]. On June 9, 2014, defense counsel's mailing was returned to the Nassau County Attorney's Office as undeliverable. [Docket Entry No. 31]. On June 10, 2014, this Court issued another order directing plaintiff to show cause, by appearing in Courtroom 1010 at 100 Federal Plaza, Central Islip New York 11722, why this action should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute this action. [Docket Entry No. 32].

In violation of this Court's May 8, 2014 Order to Show Cause, plaintiff did not file an affidavit by June 12, 2014 explaining why this action should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Furthermore, plaintiff failed to appear before this Court on June 19, 2014 as directed in both the May 8, 2014 and June 10, 2014 Orders to Show Cause. [Docket Entry No. 33]. Plaintiff has not notified the Court of a change of address or otherwise provided updated contact information with the Court. Accordingly, this action is dismissed in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute this action.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties to this action in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

s/ Sandra J. Feuerstein
--------
Sandra J. Feuerstein
United States District Judge

Dated: June 19, 2014
       Central Islip, New York